[Civ. No. 2404.   Fourth Appellate District.—April 10, 1939.]

MARGARET GROVE URE, Respondent, v. MAGGIO BROTHERS COMPANY, INC. (a Corporation), et al., Appellants.

Hugh B. Rotchford, Kelley & Hews and Robert E. Ford for Appellants.

Arthur W. Henderson and Kenneth Evan Schwinn for Respondent.

BARNARD, P. J.—The plaintiff brought this action to recover damages for the death of her daughter, which occurred as a result of an automobile accident on March 28, 1936.   On a previous appeal this court reversed a judgment for $10,000 general damages on the ground that that amount was excessive.   (*Ure* v. *Maggio Bros. Co., Inc.*, 24 Cal. App. (2d) 490 [75 Pac. (2d) 534].)   On a retrial of the action, a jury awarded the plaintiff $6,000 general damages in addition to the special damages allowed.   From the ensuing judgment the defendants have appealed.

■ There is no dispute as to the amount of the special damages and the main ground of this appeal is that the amount of the general damages, $6,000, is excessive.

The general facts and the pertinent rules of law are set forth and discussed in the opinion on the former appeal and need not be here repeated. The respondent was 79 years old when her daughter was killed and had a normal life expectancy of 5.80 years. She lived in Pittsburgh, Pennsylvania, and from 1928 to 1935 the deceased lived with her in an apartment. During that time the deceased did a large share of the housework except for scrubbing, cleaning and laundry, which was done by outside help. The deceased had no income and her mother paid all of the expenses of maintaining the home and furnished her daughter with clothes. During a part of 1933 and the year 1934 the mother was ill and the deceased also acted as a nurse in caring for her. The mother testified at this trial, which occurred in July, 1938, that she recovered from her illness by April, 1935, that since that time she had been in good health and was able to do everything she was doing before her illness, and that since that time she had had no need for any such services as a practical nurse would give.

An employee of the Pittsburgh State Employment Service, after stating her qualifications and saying that she had heard the testimony with respect to the services which were rendered by the deceased to her mother prior to this accident, testified as to the value of such services. She testified that these services, during the time the deceased was acting as practical nurse for her mother, were worth $25 a week, from which should be deducted the value of her board and room, which would average from $8 to $10 a week. She then testified that such services, excluding those of a practical nurse, were worth from $10 to $15 a week, from which should be deducted the value of her board and room, averaging from $8 to $10 a week.

The respondent, taking a salary of $25 a week with the lowest amount named as the value of board and room, $8 a week, arrives at a figure of $5,127 as the value of the services of the deceased for the expectancy of 5.80 years and argues that a proper allowance for comfort and society easily brings this figure to the amount of the judgment.

It appears that the respondent had required no nursing services for about two years and four months from the date of the accident to the date of the second trial. She was then in good health and there is no basis in the evidence for assuming that she would require such nursing services during the entire remainder of her life. Taking the evidence most favorable to the respondent, the services she could have expected to receive from the deceased, aside from nursing, had a net value of $7 per week above the value of board and room. This would have amounted, during the period of normal expectancy, to $2,111. From that should be deducted the value of clothes furnished to the deceased by the respondent, the yearly amount of which the respondent was unable to estimate. Unquestionably, a further allowance would be proper because of the pecuniary loss arising from the deprivation of the society, comfort and protection of the decedent. It is entirely possible that a further allowance would be proper based upon the possibility that the respondent may require nursing services during a portion of the remainder of her lifetime. These are indefinite things at best and, under well-settled rules, considerable leeway should be given to the jury in exercising a sound discretion in such matters. The judgment allows nearly $4,000 for those items and, in our opinion, this plainly exceeds the pecuniary loss suffered in these respects, in so far as shown by the evidence in this case. If nursing services should be required in the future for a period of two years the additional value thereof, under the evidence, would be only about $1,000. Considering the age of the respondent a similar allowance on account of the loss of comfort, society and protection would be ample, if not generous. It is not possible to exactly fix the amount of the loss within a few hundred dollars. While we think the judgment is excessive, we think it might be held to be sustained by the evidence up to $4,500.

The judgment is modified by reducing that part of it covering general damages to the sum of $4,500 and, as so modified, the judgment is affirmed. Each party to pay its own costs.

Marks, J., and Griffin, J., concurred.